UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                Case No. 21-20353

vs.                                         HON. MARK A. GOLDSMITH

TYRONE DOUGLAS,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Dkt. 62)**

This Court denied motions to suppress and to reinstate bond filed by Defendant Tyrone Douglas, who is charged with felon-in-possession of a firearm. See 9/6/22 Op. & Order (Dkt. 60). Douglas now moves for reconsideration of those denials (Dkt. 62). For the following reasons, the Court denies Douglas's motion for reconsideration.

## I. BACKGROUND

The background of this case is summarized in this Court's opinion denying Douglas's motions to suppress and to reinstate bond. See 9/6/22 Op. & Order at 1–3. Officers Tylerscott Alleyne, Dillion Kenny, and Curtis Morris with the Detroit Police Department arrested Douglas after they observed him illegally drinking alcohol on a public sidewalk. Id. at 2. In the physical scuffle that ensued during the arrest, Douglas was found to have been carrying a firearm. Id. at 3. Witnesses including Alleyne, Kenny, and Douglas testified to these events at the evidentiary hearing on Douglas's motion to suppress. See Hr'g Tr. (Dkt. 54).

Douglas was subsequently indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Dkt. 15). He was originally released on bond, but after Douglas missed

multiple drug tests, treatment sessions, and appointments with Pretrial Services and tested positive for illegal substances on numerous occasions, he was ordered detained pending trial. 9/6/22 Op. & Order at 3. This Court denied his motions to suppress the evidence of the firearm and to reinstate bond, see id. at 8, which decisions Douglas now challenges.

## I. ANALYSIS

A motion for reconsideration of a non-final order may be brought only on certain specified grounds, one of which is that "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. LR 7.1(h)(2)(A). Douglas argues that the Court made a mistake in denying both his motion to suppress and his motion to reinstate bond. See Mot. at 1. The Court addresses his argument as to each motion.

### A. Motion to Suppress

Douglas first alerts the Court yet again to his contention that Alleyne is not a credible witness. Douglas submits that "this Court did not consider the fact that Officer Alleyne lied about seeing Mr. Douglas point a gun at Officer Morris—a significant lie that would immediately call into question his credibility about any other events that evening." Id. at 1–2. Douglas argues that Alleyne did not mention that he had seen Douglas reach for a gun in conversations immediately after the arrest, and that Alleyne did not represent this version of the facts until making a police report. Id. at 4 (citing Alleyne Bodycam at 9:18, 18:45 (Ex. B)).[1] Douglas believes that Morris exposed Alleyne's dishonesty when Morris stated at the scene of the arrest that he had seen the firearm in Douglas's waistband. Id. (citing Morris Bodycam at 21:10 (Ex. D)). Douglas concludes that the Court should have considered "the fact that Alleyne lied about seeing Mr. Douglas point

---

[1] The body camera videos cited in this order were filed by the Government in the traditional manner as exhibits to its response to Douglas's motion to suppress (Dkt. 24), and so these materials are not available on the docket.

2

a gun at Officer Morris," id., and that "[t]his lie calls into question everything else he stated about that evening," id. at 5.  Additionally, Douglas asserts that Alleyne was inconsistent regarding whether he spoke to Douglas before Alleyne exited his vehicle.  Id.

The Court has already addressed these arguments.  See 9/6/22 Op. & Order at 4 n.3, 4–5.  As the Court explained, the claimed inconsistencies in Alleyne's account "are not material, such that the Court should reject Alleyne's testimony on the salient issue of whether he saw Douglas's drinking on the public sidewalk."  Id. at 5.  On this question—the determinative inquiry for whether the officers had probable cause—the Court did not rely only on Alleyne's testimony.  It also relied on Kenny's testimony, statements made by the officers that were captured on their body cameras, and Douglas's own statement after his arrest that he "had a beer in [his] hand."  Id. (citing Hr'g Tr. at 59; Kenny Bodycam at 10:30–10:40 (Ex. C); Alleyne Bodycam at 18:45).  Douglas's accusations against Alleyne do not constitute a "mistake" made by this Court.  E.D. Mich. LR 7.1(h)(2)(A).

Douglas also submits that he "was not being investigated for drinking on the sidewalk—he was tackled because officers believed he was carrying a concealed weapon . . . ."  Mot. at 4–5.  This assertion does not identify a mistake; it impermissibly "raise[s] [a] new legal theor[y] that should have been raised earlier."  Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc., 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) (denying motion for reconsideration) (punctuation modified).  If Douglas believed that there was merit to his unsupported argument that the admissibility of his firearm depends on the officers' motivation for arresting him, then Douglas should have presented this argument in his briefing following the evidentiary hearing.  See id.  Douglas has not identified any mistake; rather, "[i]t is clear [Douglas] merely disagrees with the [C]ourt's holding."  Bowles v. Macomb Cmty. Coll., et al., No. 20-13175, 2022 WL 1469515, at

3

*2 (E.D. Mich. May 10, 2022) (denying motion for reconsideration). The Court denies Douglas's motion to reconsider the denial of his motion to suppress.

### B. Motion to Reinstate Bond

As to Douglas's request that the Court reconsider its denial of his motion to reinstate bond, Douglas first clarifies which drug test he claims produced a false positive result: the test dated December 3, 2021, directly in advance of the revocation of his bond. Mot. at 5. Douglas then argues again that his depression was the cause of his having missed appointments for treatment and pretrial services, and that he can be trusted to abide by bond conditions now that he is taking medication for his depression. Id. at 6.

These arguments are not new, and they do not demonstrate any mistake by the Court or provide any justification to modify the earlier decision denying reinstatement of bond. Whether or not the Court can trust Douglas's bald assertion that one of his failed drug tests was a false positive, Douglas has not reassured the Court that it should overlook his "numerous failed drug tests," his "extensive issues complying with pretrial conditions," or his "history of violating state probation conditions and failing to appear before a state district court." 9/6/22 Op. & Order at 7. Douglas has "used his motion for reconsideration as an attempt to relitigate issues and arguments that the [C]ourt has previously considered." Bowles, 2022 WL 1469515, at *2. The Court denies Douglas's motion to reconsider its denial of his motion to reinstate bond.

### III. CONCLUSION

For the reasons explained above, the Court denies Douglas's motion for reconsideration (Dkt. 62).

SO ORDERED.

Dated: November 9, 2022           s/Mark A. Goldsmith
    Detroit, Michigan           MARK A. GOLDSMITH
                                      United States District Judge